IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ERIKA JACOBS,

        Plaintiff,

v.

CLAYTON COUNTY SOLICITOR
GENERAL OFFICE, CLAYTON
COUNTY STATE COURT
OFFICE, and CLAYTON COUNTY
SHERIFF DEPARTMENT,

        Defendants.

1:15-cv-4308-WSD

## OPINION AND ORDER

This matter is before the Court on required frivolity review of Plaintiff Erika Jacobs's ("Plaintiff") Complaint [3] pursuant to 28 U.S.C. § 1915(e)(2)(B).  Also before the Court is Plaintiff's "Motion of Emergency Response to Complaint" [4] ("Emergency Response Motion").

### I.    BACKGROUND

On December 14, 2015, Plaintiff, *pro se*, filed her Application for Leave to Proceed *In Forma Pauperis* [1] ("Application").  On December 16, 2015, Magistrate Judge Russell G. Vineyard granted [2] Plaintiff's Application, and forwarded Plaintiff's Complaint to the Court for the required frivolity review

pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

In her Complaint, which consists of two paragraphs spanning three pages, Plaintiff alleges that Defendants "Clayton County Solicitor General Office," Clayton County State Court Office, and "Clayton County Sheriff [sic] Department" ("Defendants"), retaliated against her "for bringing a Federal lawsuit against other Police Departments of Georgia in who [sic] violated her rights." (Compl. at 2). She claims she was arrested for not having her car lights on, and was treated poorly by employees of Defendants, including "play[ing] pranks" such as "the one phone call I'm allowed to have; they'll let me start the phone call and would not let me complete it even though they knew it was for my bond." (Id.). Her alleged poor treatment also included mocking, and she claims a female officer "touched [her] breast excessively" during booking. (Id.). She seeks to have her record cleared, and also seeks "payment for attorney fees acquired by Plaintiff and for sexual harassment, malicious/conspiracy [sic] and violation of constitutional rights a lump sum of $1,000,000." (Id. at 3).

On January 29, 2016, Plaintiff filed her Emergency Response Motion. In it, Plaintiff requests "an immediate response to her complaint by the District court

---

[1] Plaintiff is a frequent filer in our Court, having filed eight actions in the past ten years.

[sic] per the 6th and 14th amendments [sic] to the Constitution" due to the "extreme importance of the matter." (Emergency Response Motion at 1).

## II. DISCUSSION

### A. Legal Standard

A court must dismiss a complaint filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Review for frivolousness, on the other hand, "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but

also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" See Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).  A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Neitzke, 490 U.S. at 327).

     Plaintiff filed her Complaint *pro se*.  "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).  Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure.  See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005).  "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).  "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

B.   Analysis

Plaintiff's Complaint fails to comply with the requirements of Federal Rules of Civil Procedure 8 and 10.  Rule 8 provides that a complaint must contain a "short and plain statement of the grounds for the court's jurisdiction[.]"  Fed. R. Civ. P. 8(a)(1).  Plaintiff's Complaint does not comply with this provision of the federal rules.  Plaintiff also fails to identify which "Constitutional rights" she alleges were violated.  (Compl. at 1).  Rule 10 of the Federal Rules of Civil Procedure provides that a party "must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  Plaintiff's Complaint contains one introductory paragraph, and a second paragraph spanning nearly three pages.  Though a complaint filed *pro se* should be construed liberally, a *pro se* plaintiff must still comply with the threshold requirements of the Federal Rules of Civil Procedure.  See Beckwith, 146 F. App'x at 371.

In light of Plaintiff's *pro se* status, the Court will allow Plaintiff an opportunity to amend her Complaint to comply with the Federal Rules of Civil Procedure.  Plaintiff is required to file, on or before April 15, 2016, an Amended

Complaint that complies with the Federal Rules of Civil Procedure.[2]  Failure to comply with this Order will result in dismissal of this action under Local Rule 41.3(A)(2), NDGa.  No further opportunities to amend will be granted.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff shall file, on or before April 15, 2016, an Amended Complaint that complies with the Federal Rules of Civil Procedure.  Failure to comply with this Order will result in dismissal of this action under Local Rule 41.3(A)(2), NDGa.  No further opportunities to amend will be granted.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion of Emergency Response to Complaint" [4] is **DENIED AS MOOT**.

**SO ORDERED** this 1st day of April, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[2]  Plaintiff's Emergency Response Motion asks the Court to "respon[d]" to her Complaint.  (Emergency Response Motion at 1).  This Order does so, and Plaintiff's Emergency Response Motion is denied as moot.

6